In the Matter of PALACE COMPANY, Appellant, v STATE OF NEW YORK et al., Respondents. (And Two Other Related Proceedings.)

Third Department, July 19, 1990

APPEARANCES OF COUNSEL

*Hutton & Solomon (Roy F. Hutton* of counsel), for appellants.

*Robert Abrams, Attorney-General (Richard J. Dorsey* of counsel), for respondents.

## OPINION OF THE COURT

CASEY, J.

Petitioners, the owners of hotels located in midtown Manhattan in New York City, applied for certification as eligible facilities to participate in the State Job Incentive Program pursuant to former Commerce Law article 4-A. Prior to 1979 hotels were excluded from participation in the program, but

in 1979 former Commerce Law § 118 (b) (1) was amended to include "a hotel, motel or other resort facility offering overnight accommodations and which are utilized for the encouragement, stimulation or promotion of tourist, travel, resort or vacation business * * *. A facility shall be deemed to meet this requirement if it is used primarily in the encouragement, stimulation or promotion of tourist, travel, resort or vacation business" (L 1979, ch 62, § 1). In administering this amendment, respondent Job Incentive Board (hereinafter the Board) originally approved applications from a number of hotels without regard to the nature of the particular hotel business. At about the time of petitioners' applications, the Board apparently began to reassess its administration of this aspect of the statute and concluded that its broad interpretation of the statute conflicted with the legislative intent. Proposed regulations were considered by the Board in 1982 and 1983 which reflected a narrower construction of the hotel/motel provision and emphasized the tourist or resort aspect of the hotel/motel business as an eligibility requirement. Since former Commerce Law article 4-A was repealed in 1983 (L 1983, ch 15), the regulations were never promulgated. Nevertheless, at its final meeting on June 27, 1983, the Board acted on 14 pending hotel applications, including petitioners', and considered the tourist or resort character of each facility in deciding whether to grant eligibility. Petitioners' applications were among the 11 applications denied by the Board. In denying petitioners' applications, the Board concluded that the available information did not indicate that the primary purpose of the facilities was the promotion of tourism.

In their brief on appeal, petitioners assert that their petitions contain three grounds for annulling the Board's determination. First, petitioners maintain that the Board imposed upon them a condition of eligibility which was not found in the statute. Petitioners claim that hotels and motels, by their very nature, are essential to the traveler and, therefore, promote the travel business. Since the statute refers to the four qualifying businesses in the disjunctive, and since travel is one of those four qualifying businesses, petitioners contend that they are eligible irrespective of whether they promote the tourist resort or vacation business. We disagree. As is clear from the record, the Board's interpretation of the statute was intended to distinguish hotels and motels that provide lodging for business travelers and residential clientele from facilities that cater to tourists, vacationers and those

traveling for pleasurable pursuits. The Board's interpretation gives a real and consistent meaning to the qualification added by the Legislature. In contrast, the interpretation urged by petitioners would render the qualification meaningless since virtually every hotel and motel could claim to promote the travel business by merely providing overnight lodging. We see no basis for disturbing the Board's interpretation of the statute.

Petitioners next contend that the Board engaged in arbitrary and capricious discrimination by denying their applications and, at the same time, granting recertification of hotels without regard to the tourist aspect of their business. Respondents apparently concede the existence of a dual standard. As noted above, the Board's initial administration of the hotel/motel provision did not include a consideration of the tourism or resort aspect of the facility's business in determining eligibility for tax credits and/or tax exemptions under the Job Incentive Program. Although the Board thereafter decided that its broad interpretation of the statute was wrong and that the tourism or resort aspect of a hotel or motel business must be considered in determining the facility's eligibility, the Board apparently continued to apply the broad construction of the statute in deciding whether to grant the statutorily required annual recertification of facilities that were originally certified under the Board's broad construction of the statute. Thus, according to petitioners, the Board arbitrarily and capriciously discriminated against them when it applied the narrower construction of the statute in disapproving their applications for initial certification.

■ We begin our analysis of this argument by noting that the Board had "the power and obligation to rectify what it deem[ed] to be an erroneous interpretation of the law * * *. A shift in agency position to ensure affecting [sic] the statute's purpose serves to indicate heightened agency conscientiousness, not arbitrariness" (Matter of AT&T Information Sys. v Donohue, 113 AD2d 395, 401-402 [Yesawich, Jr., J., dissenting], revd on dissenting opn below 68 NY2d 821). Having concluded that its broad construction of the statute was contrary to the legislative intent and that a narrower construction was necessary to effectuate the statutory purpose, the Board decided not to apply its shift in position to deny recertification to those facilities that had been certified as eligible under the broad construction of the statute. Instead, the Board apparently focused on those facilities' performance

and compliance as participants in the program. The record reveals that the Board's action was based at least in part upon the recognition that, as participants in the program, the facilities had a legitimate expectation of continued participation so long as their performance complied with the standards applied to them upon their initial application for eligibility. In our view, the distinction between participating facilities that are seeking the required annual recertification and those facilities seeking certification in the first instance is a rational one. Thus, there has been no arbitrary discrimination *(cf., Matter of Exxon Corp. v Board of Stds. & Appeals,* 128 AD2d 289, 296, *lv denied* 70 NY2d 614). We note that the Board applied the narrower construction of the statute to all 14 applications for initial certification pending when it met for the final time in June 1983.

■ Petitioners' last contention is that the Board's actions deprived them of equal protection and due process, but we find no merit in this claim. The equal protection argument must fail in light of the rational basis for the alleged disparate treatment, and we are of the view that petitioners had adequate opportunity to provide the information necessary to establish their eligibility under the narrower construction of the statute which the Board applied to them.

MAHONEY, P. J., KANE, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment affirmed, without costs.